**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-4723**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MINGO MILES, III,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-05-75-TLW)

───────────

Submitted: January 26, 2006            Decided:  January 30, 2006

───────────

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Jonathan Scott Gasser, Acting United States Attorney, Columbia, South Carolina; Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mingo Miles, III, appeals from his eighty-one-month sentence imposed following his guilty plea to possession with intent to distribute cocaine and using or carrying a firearm during and in relation to a drug trafficking offense. 18 U.S.C.A. §§ 841(a)(1), (b)(1)(C), 924(c)(1)(a) (West 2000 & Supp. 2005). Miles' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the validity of Miles' plea and the propriety of his sentence. Miles was informed of his right to file a pro se brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm.

We find that Miles' guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Miles was properly advised of his rights, the offenses charged, the maximum sentence for each offense, and the minimum sentence for the firearm offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find no error by the district court in declining to adjust Miles' offense level downward for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1(a)

- 2 -

(2004), after concluding that his continued use of marijuana demonstrated that he had not accepted responsibility for his criminal conduct. The district court properly computed Miles' offense level and criminal history category and correctly determined the advisory guideline range of twenty-one to twenty-seven months on the drug charge, plus a consecutive sixty-month minimum term for the firearm offense. The eighty-one-month total sentence for the two offenses was at the low end of the advisory range and was reasonable. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Miles' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED